IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LERAJJAREAN RA-O-KEL-LY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-190-S-EJL |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| KIRSTEN, Eagle Rock Post Office | ) | |
| Employee, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case was reassigned to this Court to determine whether summary dismissal is

appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court also reviews Plaintiff's

Motion to Proceed in Forma Pauperis and Motion for Appointment of Counsel.  Having

reviewed the record, and otherwise being fully informed, the Court enters the following

Order.


**I.**

**INITIAL REVIEW ORDER  1**

## REVIEW OF COMPLAINT

### A.     Background

Plaintiff alleges that the state prison mailed several boxes of his personal property to his home address.  Kirsten (last name unknown), an employee of the Eagle Rock Post Office, left the boxes at the wrong address, causing the personal property to become lost. He asserts that Kirsten's gross negligence and recklessness deprived him of his Fourth, Eighth, and Fourteenth Amendment rights.  Plaintiff previously filed a notice of tort claim with the State of Idaho, which provided him with no relief.

### B.     Applicable Law and Discussion

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

The Court assumes that Post Office Employee Kirsten is an employee of the United States government.  As a result, 42 U.S.C. § 1983 is inapplicable.  Civil rights claims against United States employees must be asserted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  However, a negligent act cannot furnish a basis for a *Bivens* action.  *See Humphries v. Various*

**INITIAL REVIEW ORDER  2**

*Federal US INS Employees,* 164 F.3d 936 (5th Cir.1999).

While Congress has provided for a general waiver of sovereign immunity as to the

United States Post Office (USPS) that allows it "to sue and be sued in its own name," 39

U.S.C. § 401(1), the waiver remains limited as to tort claims, which must be brought

under the Federal Tort Claims Act (FTCA).  *See Pereira v. U.S. Postal Serv.,* 899 F.2d

861, 863-64 (9th Cir. 1990).  However, under the Federal Tort Claims Act, there is an

exclusion to the waiver of sovereign immunity for "[a]ny claim arising out of the loss,

miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).

In other words, such claims remain barred by sovereign immunity.  *See Insurance Co. of*

*N. America v. U.S. Postal Service,* 675 F.2d 756, 759 (5th Cir. 1982).

The exclusive remedy for loss or damage of mail is to request reimbursement from

the USPS in compliance with the provisions of the Domestic Mail Manual.[1]  The

regulations of the USPS are the exclusive source for the terms upon which refunds or

damages are paid for postal products and services.  *Brandofino v. United States Postal*

*Service,* 14 F.Supp.2d 1160, 1164 n.4 (D. Ariz. 1998); *Breaux v. U.S. Postal Service,* 46

F.Supp.2d 641 (D.Tex.1999).  The USPS is "exempt from the APA's general mandate of

judicial review of agency actions."  *Currier v. Potter*, 379 F.3d 716, 725 (9th Cir. 2004);

39 U.S.C. § 410(a).

---

[1]Available at www.usps.gov, Domestic Mail Manual § 609, Filing Indemnity Claims for
Loss or Damage.  The DMM is incorporated by reference into the Code of Federal Regulations.
39 C.F.R. § 111.4.

**INITIAL REVIEW ORDER  3**

Plaintiff might be able to bring his claims in federal court if he could identify a

"substantive legal framework" of federal law that confers jurisdiction over his claims.  *Id.*

Plaintiff has not identified any law that would provide jurisdiction.  Because there does

not appear to be an adequate legal basis supporting subject matter jurisdiction in this case,

the Court will dismiss the Complaint.  As a result, Plaintiff's other motions are moot.

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint

(Docket No. 3) is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for in Forma

Pauperis Status (Docket No. 1) is MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Appointment of

Counsel (Docket No. 6) is MOOT.

DATED:  **July 25, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**INITIAL REVIEW ORDER  4**